KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
JASMINE M. STARR (Cal. Bar No. 259473)
Email: starrja@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Katharine E. Zoladz, Regional Director
Brent W. Wilner, Associate Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PEBBLEKICK, INC., a California Corporation, PEBBLEKICK, INC., a Nevada Corporation, DONALD SHIROISHI, and NANCY WILLIAMS,<br><br>Defendants. | Case No. 2:22-cv-06984-RGK-MAR<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS ITS ACTION AGAINST THE PEBBLEKICK, INC. ENTITIES**<br><br>Date:   December 16, 2024<br>Time:   9:00 a.m.<br>Ctrm:   850<br>Judge:  Hon. R. Gary Klausner |

## I. INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") respectfully moves the Court pursuant to Fed. R. Civ. P. 41(a)(2) for an order dismissing defendants Pebblekick, Inc., a California Corporation and Pebblekick, Inc., a Nevada Corporation (collectively "Pebblekick Entities") from this action.[1]  Since the Pebblekick Entities are unrepresented in this matter, the SEC was unable to seek dismissal by way of stipulation, but the SEC has no indication the Pebblekick Entities would oppose this motion.  *See* Declaration of Kathryn C. Wanner ("Wanner Decl.") at ¶ 3.

## II. PROCEDURAL HISTORY

On September 27, 2022, the SEC filed a complaint against the defendants. (Dkt. No. 1 (the "Complaint")).  The SEC's Complaint alleged that the Pebblekick Entities and defendant Donald Shiroishi ("Shiroishi") defrauded investors in unregistered offerings of securities.  (*Id.*)  Specifically, that from at least January 2018 through March 2021, the Pebblekick Entities, which were in the business of providing streaming entertainment to residents of institutions, including prisons, raised over $17 million from equity and promissory note investors.  (*Id.*)  Shiroishi represented that the purpose of the notes was to finance the acquisition of intellectual property that the Pebblekick Entities would use in their business.  (*Id.*)  Instead, Shiroishi misappropriated a substantial amount of investor funds to pay putative returns and principal on earlier investments.  (*Id.*)  The SEC also alleged that Pebblekick did not register its offers or sales of securities with the Commission.  (*Id.*)  Finally, the SEC alleged that defendant Nancy Williams ("Williams") illegally acted

---

[1] The Ninth Circuit has found that under Fed. R. Civ. P. 41(a)(1) dismissal of action against fewer than all named defendants is appropriate.  *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993).  The prevailing view is that a "voluntary dismissal may be taken against fewer than all defendants, as long as all claims are dismissed as against each one affected."  *See* 8 James W. Moore et al., Moore's Federal Practice § 41.21[a][3] (3d ed. 2022) (footnote omitted).

1

as an unregistered broker in selling Pebblekick securities to investors. (*Id.*) Based on these factual allegations, the SEC filed a civil action against the Pebblekick Entities and Shiroishi for violating the registration and antifraud provisions of Sections 5 and 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, and charged Williams with violating Section 5 of the Securities Act and Section 15(a)(1) of the Exchange Act. (*Id.*)

On December 5, 2022 the Pebblekick Entities filed an answer to the SEC's Complaint. (Dkt. No. 20). On July 26, 2023 the SEC filed Consents and Proposed Judgments for the Pebblekick Entities. (Dkt. Nos. 35 and 36). On July 27, 2023 the Court declined to enter Proposed Judgments against the Pebblekick Entities. (Dkt. No. 37). On August 7, 2023 the Pebblekick Entities notified the Court of having commenced Chapter 7 bankruptcy proceedings. (Dkt. No. 40). That same day the Court stayed the proceedings in this case as to the Pebblekick Entities. (Dkt. No. 41). On August 30, 2023, the Court entered Final Judgments as to defendants Shiroishi and Williams in this matter, leaving on the Pebblekick Entities as the only remaining defendants. (Dkt. Nos. 50 and 51). On May 23, 2024, the Court issued an order striking the Pebblekick Entities' Answers. (Dkt. No. 68).

### III.   THE PEBBLEKICK ENTITIES FILE FOR BANKRUPTCY

On August 7, 2023, the Pebblekick Entities notified the Court that on August 4, 2023, they had filed for Chapter 7 bankruptcy relief under Title 11 of the United States Code. (Dkt. No. 40.) On August 29, 2023, these two bankruptcy proceedings were dismissed for failure to file the required schedules, statements, and/or plans. (*In re: Pebblekick, Inc., a California Corp.*, No. 23-10671 (Bankr. C.D. Cal.), Dkt. No. 15; *In re: Pebblekick, Inc., a Nevada Corp.*, No. 23-15024 (Bankr. C.D. Cal.), Dkt. No. 10.) On August 31, 2023, Pebblekick Nevada refiled its Chapter 7 bankruptcy proceedings under Title 11 of the Bankruptcy Code and was assigned case number 2:23-bk-15698-DS by the United States Bankruptcy Court for the Central District of

1  California ("Bankruptcy Court) in the Los Angeles Division. (*In re: Pebblekick, Inc.,
2  a California Corp.*, No. 23-15698-DS (Bankr. C.D. Cal.), Dkt. No. 1.) On September
3  5, 2023, Pebblekick California refiled its petition as well and was assigned case
4  number 9:23-bk-10787-RC by the Bankruptcy court in Santa Barbara Division. (*In
5  re: Pebblekick, Inc., a California Corp.*, No. 23-10787-RC (Bankr. C.D. Cal.), Dkt.
6  No. 1.)
7         Staff for the SEC has monitored the Pebblekick Entities' bankruptcy actions,
8  including attending meetings of creditors and filing a protective proof of claim in
9  both bankruptcy actions. (Wanner Decl. at ¶¶ 3-4). Based upon reviewing the
10 bankruptcy docket and attending meetings of creditors, the SEC has observed that the
11 trustees in both bankruptcies continue to take steps to identify and collect what assets
12 are available to creditors. (*Id.*)
13 **IV.    ARGUMENT**
14        The SEC requests that the Court enter an order in the form of the [Proposed]
15 Order filed herewith, allowing the SEC to voluntarily dismiss with prejudice its
16 remaining claims against the Pebblekick Entities pursuant to Fed. R. Civ. P. 41(a)(2).
17 A dismissal is appropriate for three reasons. First, the SEC has already obtained
18 judgments against the individual defendants in this matter, Williams and Shiroishi.
19 Second, based upon the continued actions taken by the trustees in both Pebblekick
20 bankruptcies, it appears that to the extent the bankruptcy actions succeed in
21 recovering funds, such funds will be used to pay creditor claims in the bankruptcy
22 cases, including potential claims of harmed investors in this case. Third, the SEC
23 believes it is unlikely that continued prosecution of its remaining claims against the
24 Pebblekick Entities will lead to substantial relief for defrauded investors beyond what
25 has already been obtained in this case and may be obtained in the related bankruptcy
26 proceedings. Voluntary dismissal of the claims is an efficient mechanism for
27 bringing this case to a close and conserves the resources of the Court. While the SEC
28 had previously considered seeking default judgments against both Pebblekick Entities

in this matter, upon further review of the status of the bankruptcy actions, the SEC has determined that such judgments would be unlikely to lead to any meaningful recovery against the defendants and it would not be efficient to continue to seek such a recovery in light of the fact that both entities have ceased any operations and exist only in the bankruptcy actions.

## V.   CONCLUSION

Based on the foregoing, we request that the Court dismiss the Pebblekick Entities from this action with prejudice and, in doing so, bring this matter to a close.

Dated:  November 18, 2024

>/s/ Kathryn C. Wanner
> KATHRYN C. WANNER
> JASMINE M. STARR
> Attorneys for Plaintiff
> SECURITIES AND EXCHANGE COMMISSION

The undersigned, counsel of record for the Securities and Exchange Commission, certifies that this brief contains 1,113 words, which complies with the word limit set by court order dated May 2023.

Dated: November 18, 2024

>/s/ Kathryn C. Wanner
> KATHRYN C. WANNER

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION,
    444 S. Flower Street, Suite 900, Los Angeles, California 90071
    Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 18, 2024, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS ITS ACTION AGAINST THE PEBBLEKICK, INC. ENTITIES** on all the parties to this action addressed as stated on the attached service list:

☒    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐    **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

Date: November 18, 2024                    */s/ Kathryn C. Wanner*
                                                       Kathryn C. Wanner

*SEC v. Pebblekick Inc., et al.*
United States District Court—Central District of California
Case No. 2:22-cv-06984-RGK-MAR

### SERVICE LIST

Becky Renfro (via U.S. Mail)
Email: jpringle@rpmlaw.com
13300 Crossroads Pkwy. North, Suite 185
City of Industry, CA 91746
***Trustee Administrator for John P. Pringle (Pebblekick-NV)***

D. Edward Hays (via U.S. Mail)
Email: ehays@marshackhays.com
Laila Masud
Email: lmasud@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, CA 92620
***Counsel for Trustee Administrator (Pebblekick-CA)***

Gregory A. Rougeau (via U.S. Mail)
Email: grougeau@brlawsf.com
BRUNETTI ROUGEAU LLP
235 Montgomery Street, Suite 830
San Francisco, CA 94104
***Bankruptcy Counsel for Pebblekick Entities (CA & NV)***

Robert D. Mitchell (via CM/ECF)
Tiffany & Bosco, P.A.
Seventh Floor Camelback Esplanade II
2525 E Camelback Road
Phoenix, AZ 85016
rdm@tblaw.com
***Attorney for Donald Shiroishi***

Jason Liang (via CM/ECF)
Liang Ly, LLP
601 South Figueroa St, Ste 1950
Los Angeles, CA 90017
jliang@lianglyllp.com
***Attorney for Nancy Williams***